**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MICHAEL E. BOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTA CRUZ COUNTY, et al.,<br><br>    Defendants. | Case No. 15-cv-00405-BLF<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO WITHDRAW HIS MOTION TO REMAND AND TERMINATING MOTION TO REMAND; TERMINATING AS MOOT PLAINTIFF'S MOTION TO VACATE MAY 28, 2015 HEARING; DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT; GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT; AND TERMINATING AS MOOT DEFENDANTS' MOTIONS TO DISMISS**<br><br>[RE: ECF 11, 12, 16, 19, 23, 27, 30 |

This order addresses the following motions, which have been submitted for decision without oral argument pursuant to the Court's order dated May 22, 2015 (ECF 47):

(1) a Motion to Remand (ECF 11) filed by Plaintiff Michael E. Boyd ("Plaintiff");

(2) a Motion to Dismiss (ECF 12) filed by the City of Santa Cruz, Santa Cruz City Council, Katherine Beiers, Hillary Bryant, Lynn Robinson, Pamela Comstock, David Terrazas, Don Lane, Cynthia Mathews, and Micah Posner; a Joinder in the motion (ECF 16) by Sempervirens Fund and Fred Keeley; and a Joinder in the motion (ECF 23) by Colin Disheroon;

(3) Plaintiff's Motion to Amend Complaint (ECF 27);

(4)    Plaintiff's Application to Withdraw Motion to Remand; Vacate May 28, 2015 Hearings; and Request for Entries of Defaults (ECF 29); and

(5)    a Motion to Dismiss (ECF 30) filed by Charles Prevedelli and Rick Martinez.[1]

For the reasons discussed below, Plaintiff's Application to Withdraw Motion to Remand is GRANTED and his Motion to Remand is TERMINATED; Plaintiff's Application to Vacate the May 28, 2015 Hearings is TERMINATED as moot; Plaintiff's Request for Entries of Defaults is DENIED; Plaintiff's Motion to Amend Complaint is GRANTED; and Defendants' Motions to Dismiss are TERMINATED as moot.

**I.  BACKGROUND**

Plaintiff, proceeding *pro se*, filed this action in the Santa Cruz County Superior Court on July 15, 2014, challenging Santa Cruz County's collection of taxes on medical cannabis, also referred to in the complaint as medical marijuana. Compl., Notice of Removal Exh. B, ECF 1-2. In the complaint, Plaintiff alleges that Santa Cruz County ("the County") and its Board of Supervisors ("the Board") adopted a resolution providing for a Special Election to be held on Tuesday, November 4, 2014, for the purpose of asking voters to pass an ordinance establishing a Cannabis Business Tax. Plaintiff claims that the imposition of such a tax would violate the California Constitution and deprive medical cannabis patients of federal civil rights protected by the United States Constitution. He also claims that, separate and apart from the proposed ordinance, Medi-Cal recipients are being charged unlawful use taxes and fees by cannabis dispensaries in the County. Although the complaint is not labeled as a class action, all four claims therein indicate that they are asserted on behalf of a class. The four claims are: (1) violation of California Constitution Article XIIID § 6; (2) violation of California Constitution Article XIII § 32; (3) violation of California Constitution Article XIII C § 1; and (4) a claim under 42 U.S.C. § 1983 for deprivation of federal civil rights guaranteed by the First Amendment and Due Process Clause of the United States Constitution.

The complaint names as defendants the County; the Board; and individual Board members

---

[1] Plaintiff's Application for an Order to Show Cause why a Preliminary Injunction should not Issue (ECF 28) is set for hearing on July 2, 2015 and is not addressed in this order.

John Leopold, Zach Friend, Neal Coonerty, Greg Caput, and Bruce McPherson (collectively, "County Defendants"), and Does 1 to 50. The County Defendants filed an answer on August 20, 2014.

On December 5, 2014, Plaintiff filed an Identification of Fictitious Named Defendants, identifying the following individuals and entities in place of Does 1-15: Doe 1, City of Santa Cruz ("City"); Doe 2, City Councilmember Pamela Comstock; Doe 3, City Councilmember David Terrazas; Doe 4, City Councilmember Hillary Bryant; Doe 5, Mayor Lynn Robinson; Doe 6, Vice Mayor Don Lane; Doe 7, City Councilmember Cynthia Mathews; Doe 8, City Councilmember Micah Posner; Doe 9, Rick Martinez, Deputy Chief of Police; Doe 10, Charles Prevedelli, identified as "President, City of Santa Cruz Firefighters"; Doe 11, Fred Keeley, identified as "County Treasurer – Tax Collector & President Sempervirens Fund"; Doe 12, Sempervirens Fund; Doe 13, Former Mayor Katherine Beiers; Doe 14, Scott M. Jalbert, identified as "Chief, Santa Cruz County Fire Department": and Doe 15, Colin Disheroon, identified as "Owner Association for Standardized Cannabis." Identification, ECF 1-10. The City, City Councilmembers, and City officials are referred to herein collectively as "City Defendants."

On January 26, 2015, Plaintiff filed in the Santa Cruz County Superior Court a Motion to Amend Complaint, which was accompanied by a proposed first amended complaint. On January 29, 2015, before the superior court ruled on that motion, Defendant Jalbert removed the case to federal district court. The case was assigned to the undersigned judge on February 4, 2015. The motions addressed herein were filed thereafter.

## II. PLAINTIFF'S MOTION TO REMAND (ECF 11) AND APPLICATION TO WITHDRAW MOTION TO REMAND (ECF 29)

On February 4, 2015, Plaintiff filed a motion to remand, asserting that Defendant Jalbert's notice of removal was untimely, that it was not joined by all defendants, and that the action is not within the original jurisdiction of this Court. Pl.'s Mot. to Remand, ECF 11. Jalbert filed opposition on February 18, 2015, asserting that he filed the notice of removal less than thirty days after being served with the complaint on January 5, 2015. *See Destfino v. Reiswig*, 603 F.3d 952, 956 (9th Cir. 2011) ("each defendant is entitled to thirty days to exercise his removal rights after

being served"). Jalbert also notes that Plaintiff asserts a § 1983 claim, establishing federal question jurisdiction. *See Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013) (federal question jurisdiction exists when a federal question is presented on the face of the plaintiff's well-pled complaint).

With respect to joinder of all defendants, "[a]ll defendants who have been properly . . . served in the action must join a petition for removal." *Destfino*, 603 F.3d at 956 (internal quotation marks and citation omitted) (alteration in original). If a defendant who has been properly served at the time of removal does not join in the removal, that defect may be cured if the defendant joins in the removal prior to the entry of judgment. *Id.* at 956-57. A review of the docket shows that all but two defendants have joined in Defendant Jalbert's removal of the action. *See* Joinders, ECF 17 (County Defendants); ECF 18 (City Defendants minus Prevedelli and Martinez); ECF 19 (Keeley and Sempervirens Fund); and ECF 20 (Disheroon). It is not clear whether the remaining two defendants, Prevedelli and Martinez, were served with the action before Jalbert filed the notice of removal – if they had not yet been served, their joinder in the removal is unnecessary.

On April 28, 2015, Plaintiff filed an application to withdraw his motion to remand. Pl.'s Applic., ECF 29. As discussed above, the removal was timely. No defect in removal is apparent based upon the record before the Court. There has been no opposition to the application to withdraw. Accordingly, Plaintiff's application to withdraw his motion to remand is GRANTED and the motion to remand is hereby TERMINATED.

### III. PLAINTIFF'S APPLICATION TO VACATE MAY 28, 2015 HEARING (ECF 29)

In the same application in which he seeks to withdraw his motion to remand, Plaintiff also seeks to vacate the May 28, 2015 hearing that was set in this case. Pl.'s Applic., ECF 29. That hearing was vacated by the Court's order issued May 22, 2015. *See* Order, ECF 47. As a result, Plaintiff's application to vacate the May 28, 2015 hearing is TERMINATED as moot.

### IV. PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT (ECF 29)

Plaintiff's April 28, 2015 application also requests entry of default against Defendants Jalbert, Disheroon, Martinez, Prevedelli, Beiers, Sempervirens Fund, and Keeley. Pl.'s Applic.,

1   ECF 29.  Plaintiff has withdrawn his request for entry of default against Jalbert, acknowledging
2   that Jalbert has answered the complaint.  *See* Jalbert Answer, ECF 4.  With respect to the others,
3   default may be entered only against a party who "has failed to plead or otherwise defend."  Fed. R.
4   Civ. P. 55(a).  Disheroon, Martinez, Prevedelli, Beiers, Sempervirens Fund, and Keeley all have
5   filed or joined in motions to dismiss.  *See* ECF 12 (Beiers), ECF 16 (Sempervirens Fund and
6   Keeley), ECF 23 (Disheroon), ECF 30 (Martinez and Prevedelli).  Thus entry of default against
7   those defendants would be inappropriate.  *See Mechanical Marketing, Inc. v. Sixxon Precision*
8   *Machinery Co., Ltd.*, No. 5:CV 11–01844 EJD, 2011 WL 4635546, at *6 (N.D. Cal. Oct. 6, 2011)
9   ("no default may be entered while a motion to dismiss is pending").  The request for entry of
10  default is DENIED.

11  **V.     MOTIONS TO DISMISS (ECF 12, 16, 23, 30) AND MOTION TO AMEND**
12  **        COMPLAINT (ECF 27)**
13          On February 5, 2015, the City Defendants minus Prevedelli and Martinez filed a motion to
14  dismiss under Federal Rule of Civil Procedure 12(b)(6) on the basis that the complaint does not
15  allege any conduct by moving parties or even mention them at all.  City Defs.' MTD, ECF 12.
16  Keeley and Sempervirens Fund filed a joinder in that motion on February 11, 2015, and Disheroon
17  filed a joinder in the motion on February 19, 2015.  *See* Joinders, ECF 16, 23.  On April 30, 2015,
18  the remaining City Defendants, Martinez and Prevedelli, filed a virtually identical motion to
19  dismiss under Rule 12(b)(6).  Martinez and Prevedelli MTD, ECF 30.
20          Plaintiff did not file opposition to the February 5, 2015 motion to dismiss.  However,
21  Defendants acknowledge that Plaintiff was not served with that motion when it was filed.  *See*
22  Kovacevich Decl. ¶¶ 5-7, ECF 44-1.  Plaintiff, who is proceeding *pro se*, has not sought or been
23  granted permission to become an ECF user.  Thus Defendants are required to serve Plaintiff
24  manually with documents that are filed electronically in this case.  *See* Civ. L.R. 5-1(b).
25  Defendants suggest that Plaintiff was served with the motion to dismiss on February 19, 2015,
26  when Disheroon joined in the motion and served his joinder on Plaintiff.  *See id.* ¶ 6.  However,
27  while the proof of service attached to Disheroon's filing indicates that the *joinder* was served on
28  Plaintiff, it does not indicate that the *motion to dismiss* was served on Plaintiff.  Disheroon Joinder

at 3, ECF 23.  On April 30, 2015, Plaintiff was served with both the motion to dismiss filed on February 5, 2015 and the motion to dismiss filed on April 30, 2015.  *See* Kovacevich Decl. ¶ 7.

Plaintiff filed opposition to the April 30, 2015 motion on May 13, 2015.  Pl.'s Opp., ECF 40.  Defendants filed a reply on May 21, 2015, treating that opposition as though it was addressed to both motions to dismiss.  Defs.' Reply, ECF 44.

On April 28, 2015, two days before the second motion to dismiss was filed and before Plaintiff had been served with either motion to dismiss, Plaintiff filed a motion for leave to file a first amended complaint.  Pl.'s MLTA, ECF 27.  The City Defendants filed opposition on May 12, 2015. City Defs.' Opp., ECF 37.  Plaintiff did not file a reply to that opposition.  However, on May 13, 2015, Plaintiff filed a reply in support of his Application to Withdraw Motion to Remand; Vacate May 28, 2015 Hearings; and Request for Entries of Defaults, in which he argues that he is entitled to amend his complaint as a matter of course under Federal Rule of Civil Procedure 15(a). Pl.'s Reply at 2-3, ECF 39.  Although Plaintiff did not include that argument in his briefing on the motions to dismiss or the motion for leave to amend, the Court addresses it light of Plaintiff's *pro se* status.

Rule 15(a) provides in relevant part as follows:

> **(1)** *Amending as a Matter of Course***.**  A party may amend its pleadings once as a matter of course within:
>
> **(A)** 21 days after serving it, or
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  The rule does not make clear whether the expiration of a plaintiff's time to amend as of right with respect to one of several defendants bars the plaintiff from amending as of right with respect to other defendants, and the Ninth Circuit has not addressed that issue. However, other courts have held that "[i]f the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer."  *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007); *see also French v Farm Bureau Mutual Ins. Co. of Idaho*,

No. CV 07-15-MO, 2007 WL 2011191, at *2 (D. Oregon July 6, 2007) (same); *Ramirez v. Silgan Containers*, No. CIV F 07-0091 AWI, 2007 WL 1241829, at *4 (E.D. Cal. Apr. 26, 2007) (same).

In the present case, although the County Defendants and Jalbert have answered, the parties moving for dismissal have not. As discussed above, Plaintiff's motion for leave to amend was filed before he was served with either of the pending motions to dismiss. Consequently, when Plaintiff filed his motion for leave to amend, he was entitled to amend as of right with respect to the moving parties. *See* Fed. R. Civ. P. 15(a)(1)(B). [2] A motion for leave to amend thus was unnecessary. *See Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (holding that a plaintiff's motion for leave to amend was "unnecessary" because the plaintiff could have amended without leave of court). When a plaintiff makes an unnecessary request for leave to amend in such circumstances, the district court should grant it. *Id.* "When a party has the ability to amend a pleading as a matter of course, but nevertheless requests permission to amend, the party's right to amend is not lost and the court is obliged to grant such unnecessary requests." *Hill v. Clovis Police Dep't*, No. 1:11–cv–1391 AWI SMS, 2011 WL 5828224, at *9 (E.D. Cal. Nov. 18, 2011) (citing *Sparling*, 864 F.2d at 638). Accordingly, Plaintiff's motion for leave to amend is GRANTED with respect to the City Defendants, Sempervirens Fund, Keeley, and Disheroon. Those parties' motions to dismiss, which are directed toward the original complaint, are TERMINATED as moot.

If Plaintiff's proposed first amended complaint ("PFAC") merely added claims against the City Defendants, Sempervirens Fund, Keeley, and Disheroon, the Court's analysis would be at an end. However, although it does not add new *claims* against the County Defendants and Jalbert, the PFAC does add factual allegations that change the scope of the existing claims against those

---

[2] Defendants Sempervirens Fund and Keeley filed a joinder in the City's motion to dismiss on February 11, 2015, more than twenty-one days before Plaintiff filed his motion for leave to amend, but the joinder is not accompanied by a proof of service indicating that Plaintiff was served manually. *See* Sempervirens Fund and Keeley Joinder, ECF 16. Plaintiff was served with Disheroon's joinder on February 19, 2015, more than twenty-one days before he filed his motion for leave to amend. *See* Disheroon Joinder, ECF 23. However, because Disheroon merely joined in a motion that had not yet been served on Plaintiff, the Court concludes that service of the joinder did not start the twenty-one day clock running for Plaintiff to amend as of right with respect to Disheroon.

7

defendants. For example, in the PFAC Plaintiff alleges that the County Defendants "engaged in a civil conspiracy to deprive him to access in the County to his medical marijuana, and of having or exercising any rights or privileges under the Constitution, due to his 'status' as a 'medical marijuana' patient." PFAC ¶¶ 6, 8. The PFAC also adds new defendants – alleged co-conspirators Ben Rice, his wife Tamyra Rice, and their son Ian Rice – who allegedly control the price of medical marijuana through their "Rice Cartel." *Id.* ¶ 8. The PFAC adds new allegations about Measures K and L, approved by voters on November 4, 2014 after the filing of the original complaint, which impose a Cannabis Business Tax on behalf of the County and the City, respectively. *Id.* ¶¶ 31-34. Plaintiff must obtain leave of the Court before adding new allegations against parties who have answered. *See* Fed. R. Civ. P. 15(a).

Some district courts faced with this situation have recognized that as a practical matter, "the Court cannot have multiple versions of the complaint operative against different defendants." *Termini v. Frontier Commc'ns of America, Inc.*, No. CV 08–8042–PCT–JAT, 2008 WL 2783276, at *2 n.4 (D. Ariz. July 16, 2008) (ordering that the amended complaint filed as of right would be the controlling pleading even as to a defendant who already had answered). Given Plaintiff's conspiracy theory, it would virtually impossible for him to add claims or allegations against the City Defendants, Sempervirens Fund, Keeley, and Disheroon without altering in any way his claims against the County Defendants and Jalbert. Under these circumstances, and in light of the liberal pleading standards applicable to *pro se* litigants, the Court GRANTS Plaintiff leave to file the PFAC even though it adds allegations against defendants who have answered. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) ("A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citation omitted).

In granting leave to amend, the Court is not making any determination regarding the adequacy of the PFAC. While it is not the Court's role to offer Plaintiff specific advice as to how he should amend his pleading, *see Pliler v. Ford*, 542 U.S. 225, 231 (2004) (discussing role of the court as an "impartial decisionmaker"), the Court urges Plaintiff to consider carefully the arguments made in the City Defendants' opposition to Plaintiff's motion for leave to amend, and

8

in particular the arguments regarding Federal Rule of Civil Procedure 8(a). *See* Opp., ECF 37. If Plaintiff wishes to redraft his pleading instead of filing the PFAC submitted with his motion for leave to amend, he may do so.

**VI. ORDER**

It is hereby ORDERED that:

(1) Plaintiff's Application to Withdraw Motion to Remand is GRANTED and his Motion to Remand is TERMINATED;

(2) Plaintiff's Application to Vacate the May 28, 2015 Hearings is TERMINATED as moot;

(3) Plaintiff's Request for Entries of Defaults is DENIED;

(4) Plaintiff's Motion to Amend Complaint is GRANTED; Plaintiff shall file any amended complaint on or before June 22, 2015; and

(5) Defendants' Motions to Dismiss are TERMINATED as moot.

Dated: June 1, 2015

_____
BETH LABSON FREEMAN
United States District Judge

9