**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MICHAEL E. BOYD,<br>　　　　Plaintiff,<br>　v.<br>SANTA CRUZ COUNTY, et al.,<br>　　　　Defendants. | Case No.  15-cv-00405-BLF<br><br>**ORDER TERMINATING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AS MOOT**<br><br>[RE:  ECF 28] |

　　　　Plaintiff Michael E. Boyd, proceeding *pro se*, filed this action in the Santa Cruz County Superior Court on July 15, 2014.  Compl., Notice of Removal Exh. B, ECF 1-2.  At that time, Santa Cruz County ("the County") and its Board of Supervisors ("the Board") had adopted a resolution providing for a Special Election to be held on Tuesday, November 4, 2014, for the purpose of asking voters to pass an ordinance establishing a Cannabis Business Tax.   Plaintiff claimed that the imposition of such a tax would violate federal and state constitutional provisions, and he sought an injunction preventing the County, the Board, and individual Board members from proceeding with the special election and from collecting taxes on Medical Cannabis.

　　　　Following removal of the action, the parties filed several motions, all of which were submitted and ruled upon without oral argument with the exception of Plaintiff's motion for preliminary injunction, which was set for hearing on July 2, 2015.  A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits of his claims, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).  The briefing on Plaintiff's motion for preliminary injunction indicated that the Special Election had been held and the ordinance in

1  question passed, such that Plaintiff was seeking injunctive relief based upon a set of facts entirely
2  different from those alleged in the operative complaint.  Thus it appeared that Plaintiff's motion
3  might well be subject to denial on procedural grounds.  *See Florence v. Nangalama*, No. 2:11–cv–
4  3119 GEB KJN P, 2014 WL 4678295, at *5 (E.D. Cal. Sept. 19, 2014) ("[P]laintiff cannot bring
5  new allegations into this suit by means of a motion for a preliminary injunction," and he cannot
6  demonstrate a likelihood of success on the merits of his claims "if the allegations in his motion for
7  a preliminary injunction were not raised in the operative pleading.").  The Court nonetheless
8  scheduled a hearing on the motion in light of Plaintiff's *pro se* status and the importance of the
9  issues raised in his motion.

10  On June 22, 2015, Plaintiff filed a first amended complaint ("FAC") as a matter of course
11  under Federal Rule of Civil Procedure 15(a) and consistent with this Court's order of June 1,
12  2015.  The amended complaint adds several new defendants and adds substantial new factual
13  allegations that change the scope of the claims against the existing defendants.  Because the
14  briefing on Plaintiff's motion for preliminary injunction was completed prior to his recent
15  amendment, the parties' arguments do not match up with the allegations of the operative FAC.  In
16  light of that disconnect, the Court simply cannot evaluate the likelihood of Plaintiff's success on
17  the merits of his current claims.  Accordingly, the Court will terminate Plaintiff's pending motion
18  for preliminary injunction as moot.  However, that order is without prejudice to the filing of a
19  renewed motion for preliminary injunction addressing the claims of Plaintiff's operative FAC,
20  should Plaintiff believe that such a motion is appropriate.

21  Accordingly, IT IS HEREBY ORDERED that:
22  (1)  Plaintiff's pending motion for preliminary injunction (ECF 28) is TERMINATED
23        AS MOOT;
24  (2)  The motion hearing set for July 2, 2015 at 9:00 a.m. is VACATED; and
25  (3)  The Case Management Conference set for July 2, 2015 at 1:30 p.m. remains ON
26        CALENDAR.

27  Dated:  June 30, 2015

        _____
        BETH LABSON FREEMAN
28      United States District Judge