UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL BOYD,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CRUZ COUNTY, et al.,<br><br>    Defendants. | Case No. 15-cv-00405-BLF<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND; AND TERMINATING MOTIONS FOR JOINDER AS MOOT**<br><br>**[RE: ECF 61, 63, 64, 66]** |

Before the Court are the following motions, directed to the operative first amended complaint ("FAC") filed by Plaintiff Michael Boyd: (1) a motion to dismiss or, in the alternative, for a more definite statement filed by Defendants Santa Cruz County, Santa Cruz County Board of Supervisors, individual board members John Leopold, Zach Friend, Neal Coonerty, Greg Caput, and Bruce McPherson, and Fire Chief Scott M. Jalbert (collectively, "County Defendants")[1]; (2) a motion to dismiss filed by Defendants City of Santa Cruz, Santa Cruz City Council, City Councilmembers Pamela Comstock, David Terrazas, Hillary Bryant, Cynthia Mathews, and Micah Posner, Mayor Lynn Robinson, Vice Mayor Don Lane, Former Mayor Katherine Beiers, Deputy Chief of Police Rick Martinez, and President of City of Santa Cruz Firefighters Charles Prevedelli (collectively, "City Defendants"); (3) a motion for joinder in County Defendants' motion filed by Defendant Colin Disheroon; and (4) a motion for joinder in County Defendants' motion filed by Defendants Sempervirens Fund and Fred Keeley.

---

[1] County Defendants also filed an answer to the FAC, stating that they did so in an abundance of caution because they had filed an answer to the original complaint. *See* County Defs.' Answer at 1 n.1, ECF 62. County Defendants expressly request that the Court consider and rule on their pending motion. *Id.*

After the motions were filed, the Court approved the parties' stipulated request for dismissal of Plaintiff's claims against Defendants Rick Martinez, Charles Prevedelli, Fred Keeley, Sempervirens Fund, Katherine Beiers, Scott Jalbert, and Colin Disheroon. *See* Order Approving Stipulation, ECF 71. Accordingly, the motions for joinder brought by Defendants Disheroon, Sempervirens Fund, and Keeley are TERMINATED as MOOT.

The Court heard oral argument on the motions to dismiss on September 10, 2015. During the hearing, Plaintiff expressed some reluctance to proceed in federal court. The Court suggested that Plaintiff meet and confer with moving parties' counsel to discuss the possibility of voluntarily dismissing the federal claims from this action. On September 18, 2015, the parties submitted a status update informing the Court that Plaintiff had elected not to dismiss his federal claims and that he wished the Court to rule on the pending motions. *See* Status Update, ECF 80. Having considered the briefing, the relevant legal authorities, and the oral argument presented at the hearing, the Court hereby GRANTS the motions to dismiss WITH LEAVE TO AMEND.

**I.     BACKGROUND**

Plaintiff, proceeding *pro se*, filed this action in the Santa Cruz County Superior Court on July 15, 2014. Compl., Notice of Removal Exh. B, ECF 1-2. The complaint was removed to federal district court on the basis of federal question jurisdiction. Notice of Removal, ECF 1. The Court thereafter permitted Plaintiff to amend the complaint and terminated as moot motions to dismiss that had been filed by several defendants. *See* Order of June 1, 2015, ECF 48. Plaintiff filed the operative FAC on June 22, 2015.

The FAC is hard to understand. It is seventy-six pages long, including exhibits. The pleading focuses in large part on a cannabis[2] business tax approved by County voters and a separate cannabis business tax approved by City voters. The FAC describes in great detail the events leading up to the passage of the cannabis business taxes.[3] The FAC also discusses the

---

[2] The FAC, the briefing, and the relevant case law use the terms "cannabis" and "marijuana" interchangeably. This order does the same.

[3] The Court GRANTS County Defendants' request for judicial notice of the County's Cannabis Business Tax and related public records. *See* Fed. R. Evid. 201; *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (court may take judicial notice of matters of public

collection of sales and use taxes on marijuana, the passage of a County ordinance relating to the cultivation of marijuana, and a "civil conspiracy" involving a "cartel" of marijuana growers who allegedly have obtained a monopoly on medical marijuana in the Santa Cruz area. Sprinkled throughout the FAC are lengthy quotations from and discussions of federal legislation relating to marijuana.

Plaintiff has a "Therapeutic Cannabis Recommendation" from a doctor and purchases medical marijuana from dispensaries in both the County and the City. *See* FAC Exhs. 5 (receipts), 12 (Therapeutic Cannabis Recommendation), ECF 49; Notice of Cash Receipt for Cannabis Business Tax Paid in the County of Santa Cruz, ECF 79. Plaintiff objects to the County and City cannabis business taxes, the collection of sales and use taxes on marijuana, and what he calls the County's "cultivation ban" on marijuana. Although the FAC contains a number of digressions regarding the alleged mistreatment of various other individuals and organizations, Plaintiff's claims on his own behalf appear to be based upon his contention that taxing his "medicine" – medical marijuana – or otherwise interfering with his access to it violates his federal and state constitutional rights. Plaintiff also appears to claim that the elections that resulted in the passage of the cannabis business taxes were held in retaliation for Plaintiff's exercise of his free speech rights.

The FAC contains two separate sets of claims numbered one through seven. Claims 1-7 of set one are labeled as: (1) Improper Imposition of Santa Cruz County Cannabis Business Tax; (2) Improper Imposition of City of Santa Cruz Cannabis Business Tax; (3) Improper Collection by County of Sales and Use Tax; (4) Improper Imposition of City of Santa Cruz Cannabis Business Tax; (5) County Medical Marijuana Cultivation Ban; (6) Federal Taxpayers Claim, First Amendment, Due Process Violations, and 42 U.S.C. § 1983; and (7) Free Speech. Claims 1-7 of set two are labeled as: (1) California Constitution Article XIIID § 6 as to County Cannabis Business Tax; (2) California Constitution Article XIIID § 6 as to City Cannabis Business Tax; (3) California Constitution Article XIII § 32 as to County Sales and Use Tax; (4) California

---

record that are not subject to reasonable dispute).

Constitution Article XIII § 32 as to County Sales and Use Tax; (5) First Amendment, Due Process Violations, and 42 U.S.C. § 1983; (6) Federal Taxpayers Claim, First Amendment, Due Process Violations, and 42 U.S.C. § 1983; and (7) Free Speech.

In addition to moving parties and defendants who have been dismissed from the case, Plaintiff sues the following individuals, who do not appear to have been served as of yet: Susan A. Mauriello, a County administrative officer; Kathy Previsich, a County planning director; Jim Hart, Sheriff Coroner; Ryan Coonerty, a County board member; Ben Rice, identified as "the grower monopoly's Attorney"; Tamyra Rice, identified as Ben Rice's wife and an employee of County Counsel; Ian Rice, identified as the son of Ben and Tamyra Rice and a member of the "Rice Cartel"; and Jason Mathys, who apparently excluded Plaintiff from a meeting of a private entity known as the Cannabis Advocates Alliance. *See* FAC ¶¶ 10, 17, 105.

## II. DISCUSSION

Both motions are brought under Federal Rule of Civil Procedure 12(b)(6), which tests the legal sufficiency of the claims. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). The County alternatively seeks a more definite statement of Plaintiff's claims under Federal Rule of Civil Procedure 12(e). However, both motions assert that Plaintiff lacks Article III standing, a challenge that properly should have been brought under Federal Rule of Civil Procedure 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."). The Court therefore applies Rule 12(b)(1) standards to the Article III portions of Defendants' motions.

### A. Article III Standing

"Article III . . . gives the federal courts jurisdiction over only cases and controversies." *Public Lands for the People, Inc. v. United States Dep't of Agric.*, 697 F.3d 1192, 1195 (9th Cir. 2012) (internal quotation marks and citation omitted). "The oft-cited *Lujan v. Defenders of Wildlife* case states the three requirements for Article III standing: (1) an injury in fact that (2) is fairly traceable to the challenged conduct and (3) has some likelihood of redressability." *Id.* at 1195-96 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). If those

1  requirements are not satisfied, the action should be dismissed for lack of subject matter
2  jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109-10 (1998).

3   Defendants contend that Plaintiff cannot show injury in fact traceable to the cannabis
4  business taxes, because those taxes are assessed only against cannabis *businesses* and Plaintiff has
5  not alleged that he owns such a business. To the extent that Plaintiff asserts that dispensaries are
6  passing the cannabis business tax through to consumers, Defendants rely upon *Glanton v. ALCOA*
7  *Prescription Drug Plan*, 465 F.3d 1123 (9th Cir. 2006) to establish that such assertion fails to state
8  a claim. In *Glanton*, participants of ERISA plans sued a plan fiduciary, claiming that the fiduciary
9  charged too much for drugs and thus caused the plans to demand higher co-payments and
10 contributions from participants. The plaintiffs claimed that if their suit were successful, the plans'
11 drug costs would decrease and the plans then might reduce participants' co-payments or
12 contributions. The Ninth Circuit rejected that claim, holding that nothing would force the plans to
13 lower co-payments or contributions. The court held that "[t]here is no redressability, and thus no
14 standing, where (as is the case here) any prospective benefits depend on an independent actor who
15 retains broad and legitimate discretion the courts cannot presume either to control or to predict."
16 *Id.* at 1125 (internal quotation marks and citation omitted).

17   *Glanton* is distinguishable from the present case, in which Plaintiff has submitted receipts
18 suggesting that the County and City business taxes were *directly* passed on to him by dispensaries
19 from which he purchased marijuana. *See* FAC Exhs. 5 (receipts), ECF 49; Notice of Cash Receipt
20 for Cannabis Business Tax Paid in the County of Santa Cruz, ECF 79. The Court may consider
21 evidence submitted by the parties in deciding a Rule 12(b)(1) challenge to subject matter
22 jurisdiction. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). If in fact Plaintiff
23 paid the cannabis business taxes, he may be able to show that he suffered direct injury that could
24 be redressed by a ruling that the taxes are unconstitutional. Accordingly, the Court concludes that
25 Defendants have failed to demonstrate that Plaintiff lacks Article III standing to raise claims based
26 upon the cannabis business taxes.

27   The Court notes that although the County and City cannabis business taxes are the
28 centerpieces of the FAC, Plaintiff does allege claims based upon the collection of sales and use

5

1 taxes and based upon the alleged cultivation ban. Accordingly, even if Defendants had succeeded in showing a lack of Article III standing to challenge the cannabis business taxes, that showing would not have established a lack of Article III standing with respect to the entire FAC.

### B. Failure to State a Claim

Both motions assert that Plaintiff has failed to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Before addressing Plaintiff's specific allegations, the Court makes a general observation regarding the length of the FAC and the way that Plaintiff has chosen to draft it. "To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2)." *Salman v. City of Phoenix*, No. CV-12-01219-PHX-JAT, 2015 WL 4272101, at *3 (D. Ariz. July 14, 2015); *see also Shilling v. PolyOne Corp.*, No. 14-cv-03562-BLF, 2015 WL 3988267, at *2 (N.D. Cal. June 30, 2015) (complaint that does not meet Rule 8(a) requirements may be dismissed under Rule 12(b)(6)). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As discussed above, Plaintiff's FAC is not short or plain. To the contrary, it is very hard to follow because of its length, the duplication of Claims 1-7, the long discussions of legislation and legislative history interspersed with factual allegations, and the

failure to state clearly and concisely what each defendant is alleged to have done. Accordingly, the FAC is subject to dismissal for failure to comply with Rule 8(a)(2).

Turning to Plaintiff's specific claims, the Court begins with those that raise a federal question. That is because Plaintiff's failure to make out a viable federal claim would result in the remand of his remaining state law claims to the Santa Cruz County Superior Court. Although a district court has discretion to retain supplemental jurisdiction over state law claims after dismissal of all federal claims, the Ninth Circuit has indicated that the district court ordinarily should not retain state law claims in those circumstances. *See Acri v. Varian Assocs., Inc.*, 114 F .3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)) (ellipses in original).

Plaintiff's federal claims are not clearly articulated. His first "Sixth Cause of Action," labeled "Federal Taxpayers Claim, First Amendment, Due Process Violations, and 42 U.S.C. § 1983," and his first "Seventh Cause of Action," labeled "Free Speech," are unaccompanied by any text other than statements that prior paragraphs "are incorporated herein by reference." *See* FAC ¶¶ 51-52.

Plaintiff's second "Fifth Cause of Action," labeled "First Amendment, Due Process Violations, and 42 U.S.C. § 1983," his second "Sixth Cause of Action," labeled "Federal Taxpayers Claim, First Amendment, Due Process Violations, and 42 U.S.C. § 1983," and his second "Seventh Cause of Action," labeled "Free Speech," appear to assert a federal constitutional right to access to cannabis. However, that assertion is without legal basis. Congress has classified cannabis as a Schedule I drug under the Controlled Substances Act. *See* 21 U.S.C. § 812 (c). "Schedule I drugs are categorized as such because of their high potential for abuse, lack of any accepted medical use, and absence of any accepted safety for use in medically supervised treatment." *Gonzales v. Raich*, 545 U.S. 1, 14 (2005). "By classifying marijuana as a Schedule I drug, as opposed to listing it on a lesser schedule, the manufacture, distribution, or possession of marijuana became a criminal offense, with the sole exception being use of the drug as part of a

Food and Drug Administration preapproved research study." *Id.*

The Ninth Circuit has recognized that "the use of marijuana for medical purposes is gaining traction in the law," but it has concluded that "legal recognition has not yet reached the point where a conclusion can be drawn that the right to use medical marijuana is 'fundamental' and 'implicit in the concept of ordered liberty.'" *Raich v. Gonzales*, 500 F.3d 850, 866 (9th Cir. 2007). For now, "federal law does not recognize a fundamental right to use medical marijuana prescribed by a licensed physician." *Id.*

Plaintiff argues that use of marijuana is medically necessary for him and that the Supreme Court has left open the possibility of a "medical necessity defense" to statutes relating to marijuana. Plaintiff's reliance upon *United States v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483 (2001), in support of that argument is misplaced. Even assuming that a plaintiff could assert a medical necessity defense in the context of a civil action, *Oakland Cannabis* holds that "a medical necessity exception for marijuana is at odds with the terms of the Controlled Substances Act" and thus that "the defense is unavailable" with respect to marijuana. *Id.* at 491.

Plaintiff appears to assert that Defendants retaliated against Plaintiff's exercise of free speech rights by holding the elections that resulted in approval of the County and City cannabis business taxes. *See* FAC ¶ 95. That conclusory assertion is unsupported by any factual allegations and it is wholly implausible that the County and the City organized and held elections in retaliation for Plaintiff's speech activities.

Based upon the theories articulated to date, the Court cannot see how Plaintiff could amend his pleading to state a viable federal claim. However, because Plaintiff is *pro se* and because this is the first time that his pleading has been tested by a motion to dismiss, the Court will grant him an opportunity to amend. If Plaintiff chooses to amend, he is advised to set forth his theories clearly and concisely so as to ensure that they are recognized and addressed by the Court in the event of future motion practice.

As noted above, the Court generally will not exercise supplemental jurisdiction over state law claims once all federal claims have been dismissed. Because it is uncertain whether Plaintiff ever will be able to state a viable federal claim here, the Court declines to address the sufficiency

8

of the state law claims at this time.

### C. More Definite Statement

County Defendants request that if Plaintiff's claims are not dismissed without leave to amend, Plaintiff be required to provide a more definite statement of his claims under Federal Rule of Civil Procedure 12(e). Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Although generally viewed with disfavor, the proper test in evaluating a Rule 12(e) motion is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Zody v. Microsoft Corp.*, No. 12-cv-00942-YGR, 2012 WL 1747844, at *3 (N.D. Cal. May 16, 2012) (internal quotation marks and citation omitted).

As discussed above, the SAC is hard to understand because of its length, repetition, and lack of clarity as to the alleged conduct of each defendant. Defendants have done a credible job of framing responses in the form of the pending motions to dismiss. However, Defendants understandably seek clarification as to the nature of the claims asserted against them. Accordingly, County Defendant's Rule 12(e) motion is GRANTED. Any amended pleading shall set forth a single set of claims. Each claim shall describe the conduct giving rise to the claim, identify the defendants who engaged in that conduct, and explain why the conduct was wrongful.

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) the motions to dismiss brought by County Defendants and City Defendants under Rule 12(b)(6) are GRANTED WITH LEAVE TO AMEND as set forth herein;

(2) the motion for more definite statement brought by County Defendants under Rule 12(e) is GRANTED;

(3) any amended pleading shall be filed on or before November 4, 2015; and

(4) the motions for joinder brought by Defendants Colin Disheroon, Sempervirens Fund and Fred Keeley are TERMINATED as MOOT.

Dated: October 13, 2015

_____
BETH LABSON FREEMAN
United States District Judge