United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL BOYD,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CRUZ COUNTY, et al.,<br><br>    Defendants. | Case No.  15-cv-00405-BLF<br><br>**ORDER RE PLAINTIFF'S REQUEST FOR EXPRESS LEAVE OF THE COURT TO ADD ADDITIONAL PARTIES AND CLAIMS; NOTICE OF ERRATA; AND REQUEST FOR JUDICIAL NOTICE**<br><br>[Re: ECF 86, 87] |

Before the Court are two documents filed by Plaintiff on October 30, 2015:  (1) Plaintiff's Request for Express Leave of the Court to Add Additional Parties and Claims, Notice of Errata; and (2) Plaintiff's Request for Judicial Notice in Support for Request for Express Leave of the Court to Add Additional Parties and Claims, Notice of Errata.  *See* ECF 86, 87.  Those documents are addressed as follows.

There has been a great deal of motion practice since this case was removed to federal district court, most of which need not be described in detail.  As relevant here, the Court issued an order on October 13, 2015, dismissing Plaintiff's first amended complaint for failure to state a federal claim ("Dismissal Order").[1]  Dismissal Order at 7-8, ECF 81.  A number of Plaintiff's federal claims appeared to rest upon an asserted federal constitutional right to access to cannabis.  *Id.*  The Court concluded that no such right exists in light of Congress's classification of cannabis as a Schedule I drug under the Controlled Substances Act ("CSA").  *Id.*  The Court also found inadequate federal claims asserting conclusorily that Defendants had held elections regarding cannabis business taxes in retaliation for Plaintiff's exercise of his free speech rights, and federal

---

[1] The Court also directed Plaintiff to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  *See* Dismissal Order at 9.

1   claims consisting only of labels unsupported by even conclusory factual allegations. *Id.*

2   The Court granted Plaintiff leave to amend in light of his *pro se* status and because his
3   pleading had not previously been tested by a motion to dismiss. Dismissal Order at 8, ECF 81.
4   The Court directed Plaintiff to file any amended pleading on or before November 4, 2015, *id.* at 9,
5   but thereafter it extended Plaintiff's deadline for amendment to November 18, 2015, Order
6   Granting Plaintiff's Request for an Extension of Time Etc. at 1, ECF 84. In its order extending the
7   deadline for amendment, the Court clarified that Plaintiff had been granted leave to amend only as
8   to those parties and claims alleged in the first amended complaint and that Plaintiff may not add
9   additional parties or claims without express leave of the Court. Order Granting Plaintiff's Request
10  for an Extension of Time Etc. at 2, ECF 84.

11  Plaintiff now seeks leave of the Court to add additional parties and claims when he amends
12  his pleading. Specifically, Plaintiff requests leave to add as additional plaintiffs three individuals
13  named Brian Lee, Vincent Calderon, and Vincent Pastore. Boyd Decl. ¶ 8, ECF 86. Plaintiff also
14  seeks leave to add as additional defendants three county employees named Kent Edler, Omar
15  Rodriguez, and Robin Bolster; a neighbor of proposed plaintiff Brian Lee named Ken Moore; and
16  California Governor Edmund Gerald "Jerry" Brown. *Id.* ¶¶ 10, 14. Finally, Plaintiff seeks leave
17  to add an additional claim "in light of the recently enacted California Assembly Bill No. 266
18  Chapter 689 (2015) which plaintiff alleges impermissibly amends the CUA and in that respect is
19  invalid under California Constitution article II, section 10, subdivision (c)." *Id.* ¶ 14.

20  Plaintiff's request for leave to amend is defective in a number of ways. First, it was not
21  brought as a duly noticed motion as required under this Court's Civil Local Rules. *See* Civ. L.R.
22  7-1, 7-2. Second, Plaintiff does not explain how the addition of the proposed new plaintiffs and
23  defendants would cure the defect that led to the dismissal of the first amended complaint, that is,
24  the failure to plead a viable federal claim. Finally, the claim that Plaintiff wishes to add is a state
25  law claim arising out of California legislation and the California Constitution. Unless and until
26  Plaintiff can allege a viable *federal* claim, the addition of new *state law* claims or parties thereto
27  would serve no purpose. Accordingly, Plaintiff's motion to add parties and claims is hereby
28  DENIED WITHOUT PREJUDICE to renewal if and when Plaintiff states a viable federal claim.

United States District Court
Northern District of California

Plaintiff also requests "errata" with respect to the Court's dismissal order and order extending the deadline for amendment. An "erratum" is "[a]n error in printing or writing." Oxford Dictionaries Online, http://www.oxforddictionaries.com/us/definition/american_english/erratum (last visited November 5, 2015). Plaintiff points to such an error in the Court's order extending the deadline for amendment, in which the Court stated that the next case management conference is set for January 21, *2015* instead of January 21, *2016*. The Court hereby CLARIFIES that the case management conference is set for January 21, *2016*.

With respect to the Court's dismissal order, Plaintiff asserts that the Court erred in concluding that there is no federal constitutional right to access to cannabis. In making that assertion, Plaintiff does not give notice of an erratum, i.e., a clerical error, but rather seeks substantive reconsideration of the Court's ruling. Under Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration only upon showing the existence of a material difference in fact or law from that which was presented to the Court, or the emergence of new material facts or a change in law occurring after the Court's order, or a manifest failure by the Court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b). Plaintiff appears to be arguing a material difference in law, citing a recent order issued by another court in this district, *United States v. Marin Alliance for Medical Marijuana*, No. C 98-00086 CRB, 2015 WL 6123062 (N.D. Cal. Oct. 19, 2015), and California Assembly Bill No. 266 Chapter 689. The Court hereby GRANTS Plaintiff's request for judicial notice of those documents. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").[2] However, Plaintiff is mistaken as to their import.

In *Marin Alliance*, the court recognized expressly that marijuana continues to be a Schedule I drug under the CSA and on that basis it *denied* Marin Alliance's motion to dissolve a permanent injunction that had been entered against Marin Alliance in 2002. *See United States v. Marin Alliance for Medical Marijuana*, No. C 98-00086 CRB, 2015 WL 6123062, at *1, 4 (N.D.

---

[2] The Court likewise GRANTS Plaintiff's request for judicial notice of *People v. Kelly*, 47 Cal. 4th 1008 (2010), in connection with Plaintiff's request for leave to add Governor Brown as a defendant in this action.

1  Cal. Oct. 19, 2015). The court acknowledged the new directive of Congress in Section 538 of the
2  Consolidated and Further Continuing Appropriations Act of 2015, Pub. L. 113-235, 128 Stat. 2130
3  (2014), which prohibits the Department of Justice from expending funds to enforce laws that
4  would interfere with the ability of states such as California to implement state laws authorizing the
5  use, distribution, possession, or cultivation of marijuana. *Id.* (citing 2015 Appropriations Act §
6  538). The court concluded that enforcement of the permanent injunction must be consistent with §
7  538 and thus that the injunction could be enforced only to the extent that Marin Alliance was in
8  violation of California law. *Id.* at *6. Nothing in *Marin Alliance*, which addresses the effect of
9  Congress's decision not to expend funds to prevent states such as California from implementing
10 their *own* state laws regarding use, distribution, possession, or cultivation of marijuana, suggests
11 the existence of *a federal constitutional right* to access to marijuana.

12 Plaintiff's reliance on Assembly Bill 266 likewise is unavailing, as state legislation cannot
13 establish a federal right to access to marijuana. Accordingly, Plaintiff's *de facto* request for
14 reconsideration of the dismissal of his first amended complaint for lack of a viable *federal* claim is
15 DENIED.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's request for leave to add additional parties and claims is DENIED WITHOUT PREJUDICE to renewal of the request by proper noticed motion if and when Plaintiff states a viable federal claim;

(2) Plaintiff's request for judicial notice is GRANTED;

(3) The Court hereby CLARIFIES that the next case management conference is set on January 21, 2016; and

(4) Plaintiff's *de facto* motion for leave to seek reconsideration of the dismissal of his first amended complaint for lack of a viable federal claim is DENIED.

Dated: November 6, 2015

BETH LABSON FREEMAN
United States District Judge

4