UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL BOYD,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CRUZ COUNTY, et al.,<br><br>    Defendants. | Case No. 15-cv-00405-BLF<br><br>**ORDER (1) GRANTING REQUEST OF DEFENDANTS IAN RICE AND BEN RICE FOR EXTENSION OF TIME TO FILE MOTION TO STRIKE UNDER CALIFORNIA CIVIL PROCEDURE CODE § 425.16; AND (2) GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO RESPOND TO THE JOINDER OF DEFENDANTS IAN RICE AND BEN RICE IN THE COUNTY DEFENDANTS' MOTION TO DISMISS**<br><br>[Re: ECF 108, 114] |

Defendants Ian Rice and Ben Rice seek to join in the County Defendants' pending motion to dismiss and they also request an extension of the deadline to file a motion to strike under California Civil Procedure Code § 425.16. The same document, entitled "Defendants Ian and Ben Rice's Joinder in County Defendants' Motion to Dismiss 'Amended Second Amended Complaint'; Request for Order Extending Time for Filing Motion to Strike under California Code of Civil Procedure § 425.16," appears to have been filed twice at both ECF 107 and ECF 108, with the docket entry at ECF 107 indicating that ECF 108 is the proper entry. On January 29, 2016, Plaintiff filed a Request for Extension of Time to File Responses, indicating that he had not yet been served with a copy of ECF 108.

Defendants' request for an extension of time to file a motion to strike under § 425.16 is GRANTED. That deadline is extended to sixty days after the Court's ruling on the pending

motions to dismiss. *See* Cal. Civ. P. Code § 425.16(f) (motion to strike "may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper").

Plaintiff's request for an extension of time to respond to the joinder of Defendants Ian Rice and Ben Rice in the County Defendants' motion to dismiss is GRANTED. Plaintiff is granted until February 19, 2016 to respond to the joinder. The Court notes that Plaintiff's request indicates that he will be responding to ECF 107. However, as discussed above, it appears from the docket that ECF 107 is superseded by ECF 108. Accordingly, Plaintiff need not respond to ECF 107 but he must respond to ECF 108. Although the Court presumes that Plaintiff now has been served with ECF 108, in an excess of caution the Court hereby DIRECTS THE CLERK to mail a copy of ECF 108 to Plaintiff along with this order.

**IT IS SO ORDERED.**

Dated: February 3, 2016

_____
BETH LABSON FREEMAN
United States District Judge