UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL BOYD,

   Plaintiff,

 v.

SANTA CRUZ COUNTY, et al.,

   Defendants.

Case No. 15-cv-00405-BLF

**ORDER GRANTING MOTIONS TO DISMISS FEDERAL CLAIMS WITHOUT LEAVE TO AMEND AND WITH PREJUDICE; AND REMANDING STATE LAW CLAIMS TO SANTA CRUZ COUNTY SUPERIOR COURT**

[RE: ECF 91, 92, 108, 115]

  Plaintiff Michael Boyd, proceeding pro se, sues the County of Santa Cruz ("County"), former and current County officials, the City of Santa Cruz ("City"), former and current City officials, and private individuals for their roles in an alleged conspiracy to discriminate against patients who, like Plaintiff, use medical marijuana. Plaintiff asserts that Defendants' imposition of taxes on medical marijuana when other medicines are not similarly taxed, refusal to allow him to participate in a City election based upon his lack of residency in the City, and related conduct violated his federal and state constitutional rights.

  All remaining Defendants seek dismissal of Plaintiff's federal claims under Federal Rule of Civil Procedure 12(b)(6). *See* Notice of Motion and Motion to Dismiss brought by County, County Board of Supervisors, John Leopold, Zach Friend, Neal Coonerty, Greg Caput, and Bruce McPherson, ECF 91; Notice of Motion and Motion to Dismiss brought by City, City Council, Pamela Comstock, David Terrazas, Hilary Bryant, Lynn Robinson, Don Lane, Cynthia Mathews, and Micah Posner, ECF 92; Joinder filed by Ian Rice and Ben Rice, ECF 108; and Joinder[1] filed

---

[1] Plaintiff's objections to the joinders in the motions to dismiss are OVERRULED. Plaintiff's reliance on Federal Rule of Civil Procedure 8 is misplaced, as that rule governs pleadings such as

by Ryan Coonerty, Susan Mauriello, Jim Hart, Kathy Previsich, and Tamyra Rice, ECF 115.[2]

The Court took Defendants' motions under submission without oral argument. *See* Order Submitting Motions to Dismiss Without Oral Argument and Vacating Hearing; and Continuing Case Management Conference, ECF 119. For the reasons discussed below, Plaintiff's federal claims are DISMISSED WITHOUT LEAVE TO AMEND and WITH PREJUDICE and his state law claims are REMANDED to the Santa Cruz County Superior Court.

**I.   BACKGROUND**

Plaintiff filed this action in the Santa Cruz County Superior Court on July 15, 2014. Notice of Removal, ECF 1. The complaint was removed to federal district court on the basis of federal question jurisdiction. *Id.* The Court thereafter permitted Plaintiff to file a first amended complaint ("FAC") and subsequently granted motions to dismiss the FAC with leave to amend. *See* Orders, ECF 48, 81.

Following dismissal of the FAC, Plaintiff filed the operative Amended Second Amended Complaint ("SAC"), which contains a confusing combination of legal theories, citations to legal authorities, and factual allegations. Plaintiff's primary theory appears to be that all Defendants participated in a conspiracy to discriminate against medical marijuana patients. Defendants allegedly effected this discrimination in part by presenting Measures K and L, establishing business taxes on cannabis dispensaries ("cannabis business taxes"), to County and City voters, respectively. Specifically, the County Board of Supervisors and the City Council adopted resolutions calling for a special election to be held Tuesday, November 4, 2014, for the purpose of submitting Measures K and L to voters. SAC ¶¶ 16, 18. Plaintiff alleges that "the design, purpose, and effect of Measures K and L are to single out medical marijuana patients and/or their

---

answers, but not motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). The Court has considered all of Plaintiff's substantive legal arguments regarding the adequacy of his Amended Second Amended Complaint.

[2] Plaintiff has abandoned his claims against Jason Matthys, who was named as a defendant in Plaintiff's first amended complaint but not in the operative Amended Second Amended Complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original."). The Clerk shall terminate Matthys on the docket.

2

caregivers and to unduly burden the exercise of the right of persons needful of the use of medical marijuana." SAC ¶ 9. Plaintiff also alleges that the City Defendants refused to allow him to file a ballot rebuttal argument against Measure L and "disenfranchised" him from voting on Measure L based upon his lack of residency in the City. SAC ¶¶ 11-12. Plaintiff asserts that he should have been permitted to file a ballot rebuttal argument in the City election and to vote in the City election because he paid taxes on cannabis purchased in the City. *Id.* He also asserts that because he filed the present action before the November 2014 election was held, "the election itself was in retaliation" for his exercise of his free speech rights. SAC ¶ 87.

In addition to the cannabis business taxes, Plaintiff complains that Defendants have improperly collected California sales and use tax on medical marijuana. SAC ¶ 13. Plaintiff also complains about the County's adoption of a "cultivation ban" on the commercial cultivation of cannabis. SAC ¶ 14. Plaintiff complains that the County has, in effect, given Defendants Ben Rice and Tamyra Rice, along with their son Ian Rice, a grower monopoly on medical marijuana in the County. SAC ¶¶ 30, 53. Through this "Rice Cartel," the Rice family allegedly is able to charge unfairly high prices for medical marijuana. *Id.*

Based upon this alleged conduct, Plaintiff asserts six claims for violation of his federal and state constitutional rights: (1) Federal Taxpayers Claim, Free Speech, First Amendment, Due Process Violations, and 42 U.S.C. § 1983; (2) Improper Imposition of Santa Cruz County Cannabis Business Tax California Constitution Article XIIID § 6 as to County Cannabis Business Tax; (3) California Constitution Article XIIID § 6 as to City Cannabis Business Tax; (4) California Constitution Article XIII § 32 as to County Sales and Use Tax Authorizing refund actions to recover tax paid plus interest; (5) California Constitution Article XIII § 32 as to City Sales and Use Tax Authorizing refund actions to recover tax paid plus interest; and (6) First Amendment and Due Process Violations relating to the Cultivation of Medical Cannabis. SAC, ECF 90. Plaintiff seeks an injunction prohibiting collection of cannabis business taxes and state sales and use taxes on medical marijuana, and prohibiting the County's cultivation ban. He also seeks refunds of all such taxes, payment of compensatory damages to three specific cannabis dispensaries, punitive damages, and costs of suit.

In its prior dismissal order, the Court indicated that absent viable federal claims it will decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* Order Granting Motions to Dismiss with Leave to Amend, ECF 81. Defendants' motions thus focus on Claims 1 and 6, which are the only federal claims in the SAC.

## II. LEGAL STANDARD

When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

As noted above, this Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims unless he adequately alleges a federal claim. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)) (ellipses in original). The Court therefore begins its analysis with Plaintiff's federal claims, which are set forth in Claims 1 and 6.

In Claim 1, labeled "Federal Taxpayers Claim, Free Speech, First Amendment, Due Process Violations, and 42 U.S.C. § 1983," Plaintiff alleges that all Defendants "participated in a conspiracy to create a ruse called a 'Cannabis Business' so as to extort use tax from the 'patient's

4

primary caregiver, who possesses or cultivates medical marijuana for the personal medical purposes of the patient.'" SAC ¶ 53. Plaintiff alleges that "there is a pattern and practice of the Defendants [all of them] discriminating against Plaintiff because of his minority status as a medical marijuana patient." SAC ¶ 56. He also alleges that "there is a pattern and practice of the Defendants [all of them] acting in retaliation for Plaintiff's exercise of his protest rights exercised under the First Amendment." SAC ¶ 57. Claim 1 does not contain any specific allegations of retaliation except for the passage of the cannabis business taxes themselves. Plaintiff alleges that Defendants' conduct constitutes "a violation of his equal protection rights under the Fifth and Fourteenth Amendments." SAC ¶ 55.

In Claim 6, labeled "First Amendment and Due Process Violations relating to the Cultivation of Medical Cannabis," Plaintiff alleges that Defendants' actions in banning commercial cannabis cultivation "impinge on the fundamental right to constitutional substantive due process rights to 'freedom of choice' and 'access to medicine of Plaintiff's choosing.'" SAC ¶ 86. Plaintiff also alleges that because Plaintiff filed the present action before the November 2014 election, "the election itself was in retaliation therefore, by the Defendants." SAC ¶ 87.

Viewed liberally, Claims 1 and 6 assert claims under 42 U.S.C. § 1983, specifically, a substantive due process claim based upon burdens allegedly placed on Plaintiff's fundamental right to medicine of his choosing, an equal protection claim based upon discriminatory treatment of medical marijuana patients, and a first amendment claim based upon the theory that the November 2014 election was held in retaliation for Plaintiff's exercise of his free speech rights. Stray allegations in the SAC suggest that Plaintiff also may be asserting a federal claim based upon City Defendants' refusal to allow him to file a ballot rebuttal argument to Measure L or to vote on Measure L.

### A. Due Process Claim

The Fifth Amendment Due Process Clause provides substantive protection to "those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Raich v. Gonzales*, 500 F.3d 850, 862 (9th Cir. 2007) (quoting

1  *Washington v. Glucksberg*, 521 U.S. 702, 719 (1997)) (internal quotation marks omitted).
2  Plaintiff appears to be asserting that freedom to choose to use marijuana for medical purposes, and
3  access to medical marijuana, constitute such fundamental rights and liberties.
4        As Defendants point out, this Court already has held expressly that Plaintiff does not have
5  a fundamental right to use of or access to medical marijuana.  The Court explained in detail in its
6  prior order dismissing the FAC that Congress has classified cannabis as a Schedule I drug under
7  the Controlled Substances Act, and no federal court has recognized a fundamental right to use of
8  cannabis for medical purposes.  *See* 21 U.S.C. § 812 (c); *Gonzales v. Raich*, 545 U.S. 1, 14 (2005)
9  ("By classifying marijuana as a Schedule I drug, as opposed to listing it on a lesser schedule, the
10 manufacture, distribution, or possession of marijuana became a criminal offense, with the sole
11 exception being use of the drug as part of a Food and Drug Administration preapproved research
12 study.").  The Ninth Circuit has recognized that "the use of marijuana for medical purposes is
13 gaining traction in the law," but it has concluded that "legal recognition has not yet reached the
14 point where a conclusion can be drawn that the right to use medical marijuana is 'fundamental'
15 and 'implicit in the concept of ordered liberty.'"  *Raich*, 500 F.3d at 866 (9th Cir. 2007).  At this
16 point in time, "federal law does not recognize a fundamental right to use medical marijuana
17 prescribed by a licensed physician." *Id.*
18       Defendants' motions to dismiss are GRANTED as to Plaintiff's federal due process claim.
19     **B.**    **Equal Protection Claim**
20       Plaintiff also asserts an equal protection challenge to the taxes imposed on medical
21 marijuana and the County's cultivation ban.  "The Equal Protection Clause of the Fourteenth
22 Amendment commands that no State shall deny to any person within its jurisdiction the equal
23 protection of the laws, which is essentially a direction that all persons similarly situated should be
24 treated alike."  *Ariz. Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1063 (9th Cir. 2014) (internal
25 quotation marks and citation omitted).  A plaintiff may prevail on an equal protection claim by
26 showing that a similarly situated class has been treated disparately."  *Id.*  "The groups must be
27 comprised of similarly situated persons so that the factor motivating the alleged discrimination can
28 be identified." *Id.* (internal quotation marks and citation omitted).  "The groups need not be

similar in all respects, but they must be similar in those respects relevant to the Defendants' policy." *Id.*

If one group is being treated disparately from a similarly situated group, the court must determine what standard of scrutiny to apply to the disparate treatment – strict scrutiny, intermediate scrutiny, or rational basis review. *Kahawaiolaa v. Norton*, 386 F.3d 1271, 1277 (9th Cir. 2004). "Strict scrutiny is applied when the classification is made on suspect grounds such as race, ancestry, alienage, or categorizations impinging upon fundamental rights such as privacy, marriage, voting, travel, and freedom of association." *Id.* "Laws are subject to intermediate scrutiny when they discriminate based on certain other suspect classifications, such as gender." *Id.* "When no suspect class is involved and no fundamental right is burdened, we apply a rational basis test to determine the legitimacy of the classifications." *Id.* at 1277-78.

Plaintiff identifies medical marijuana patients as the group that he believes is being disparately treated, and patients who use medicines other than marijuana as the similarly situated group for purposes of an equal protection analysis. As an initial matter, the Court is not persuaded that a group of patients who choose to use a federally prohibited substance is similarly situated to a group of patients who chose to use federally permitted medicines. However, even if it were to assume that these two groups are similarly situated, the Court is unaware of any decision holding that medical marijuana patients are a suspect class or that use of medical marijuana is a fundamental right. Thus the taxes and cultivation ban of which Plaintiff complains run afoul of the equal protection clause only if there is no rational relationship between the disparity of treatment and some legitimate governmental purpose. *See Kahawaiolaa*, 386 F.3d at 1279.

Plaintiff has not even attempted to allege the absence of a rational relationship, relying exclusively on his position that access to and use of medical marijuana is a fundamental right and that marijuana patients are a protected class "like that of a minority group whose status, rather than behavior, like race, sex, and a handful of other classifications are subject to either strict or intermediate scrutiny." SAC ¶ 35. "[I]n the context of a motion to dismiss, a plaintiff alleging an equal protection violation must plead a claim that establishes that there is not any reasonable conceivable state of facts that could provide a rational basis for the classification." *Dairy v.*

7

*Bonham*, No. C-13-1518 EMC, 2013 WL 3829268, at *6 (N.D. Cal. July 23, 2013) (dismissing equal protection claim for failure to state a claim under Rule 12(b)(6)).  Plaintiff has failed to meet this pleading standard.

The motions to dismiss are GRANTED as to Plaintiff's federal equal protection claim.

### C.    First Amendment Claim

Plaintiff appears to be asserting that the filing of the present action constituted a protected exercise of his free speech rights and that Defendants retaliated against him by holding the November 2014 election.  *See* SAC ¶ ("Plaintiff's July 15, 2014 Superior Court Complaint [ECF 2-1] filed before the election was called and subsequent thereto, and the election itself was in retaliation therefore, by the Defendants.").  "The right of access to the courts is subsumed under the first amendment right to petition the government for redress of grievances."  *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).  "Deliberate retaliation by state actors against an individual's exercise of this right is actionable under section 1983."  *Id.*  As the Court noted in its order dismissing the FAC, however, Plaintiff's allegation that Defendants held the November 2014 election *because* Plaintiff filed the present action is conclusory and unsupported by any factual allegations.  It is entirely implausible that the County and City held the November 2014 election – which they were already planning and which Plaintiff filed the present lawsuit to prevent – in retaliation for Plaintiff's speech activities.

Defendants' motions to dismiss are GRANTED as to Plaintiff's federal First Amendment claim.

### D.    Ballot Arguments and Voting on Measure L

In addition to the above claims, which are set forth in Claims 1 and 6, the SAC contains stray allegations that City Defendants refused to allow Plaintiff to file a ballot rebuttal argument against Measure L and "disenfranchised" him from voting on Measure L based upon his lack of residency in the City.  SAC ¶¶ 11-12.  To the extent that Plaintiff is asserting federal constitutional claims based upon this conduct, he fails to allege sufficient facts.  Plaintiff appears to concede in his pleading that he does not reside in the City.  He asserts that he nonetheless should have been permitted to file a ballot rebuttal argument and vote because he has paid taxes on medical

marijuana purchased in the City. SAC ¶¶ 11-12. His disenfranchisement argument fails because the Supreme Court has held expressly that "a government unit may legitimately restrict the right to participate in its political processes to those who reside within its borders." *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 68-69 (1978). Moreover, under the California Elections Code, when a legislative body places a measure on the ballot (as the City Council is alleged to have done here), ballot arguments may be submitted only by "the legislative body, or any member or members of the legislative body authorized by that body, or any individual voter who is eligible to vote on the measure, or bona fide association of citizens." Cal. Elec. Code § 9282(b). Given these authorities, Plaintiff's conclusory assertion that he should have been permitted to submit ballot arguments and vote on Measure L are insufficient to state a claim for relief.

Defendants' motions to dismiss are GRANTED as to Plaintiff's federal claims (if any are intended) based upon his inability to file a ballot rebuttal or vote in the City election.

### E. Leave to Amend

In deciding whether to grant leave to amend following dismissal, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

There is no suggestion on this record that Plaintiff has delayed unduly in seeking to amend or that he has acted in bad faith. To the contrary, it appears that Plaintiff passionately and sincerely believes that he has a fundamental right to use medical marijuana and is trying to vindicate that right through the present litigation. However, Plaintiff has been granted two prior opportunities to amend his pleading. He has yet to allege a viable federal claim, nor does it appear that he could do so. Granting Plaintiff further leave to amend his federal claims under these

1   circumstances would serve no purpose and would prejudice Defendants by forcing them to bring
2   yet another round of motions. Accordingly, the Court declines to grant Plaintiff leave to amend
3   his federal claims.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) all federal claims in the SAC are DISMISSED WITHOUT LEAVE TO AMEND AND WITH PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6);

(2) the Court DECLINES to exercise supplemental jurisdiction over the remaining state law claims absent a viable federal claim;

(3) Plaintiff's state law claims are REMANDED to the Santa Cruz County Superior Court; and

(4) the Clerk shall close the file.

Dated: June 2, 2016

_____
BETH LABSON FREEMAN
United States District Judge